IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **AARON DONDE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**FREEDOM FRANCHISE SYSTEMS, LLC,** a Florida company, **and FREEDOM ADVENTURES, LLC,** a Florida company,<br><br>*Defendants.* | Case No. 0:19-cv-60785-DPG<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**AMENDED CLASS ACTION COMPLAINT[1]**

1. Plaintiff Aaron Donde ("Mr. Donde" or "Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2. Mr. Donde brings this Class Action Complaint and Demand for Jury Trial against Defendants Freedom Franchise Systems, LLC and Freedom Adventures, LLC (collectively "FBC" or "Defendants") to stop FBC from violating the TCPA by sending unsolicited, autodialed text messages to consumers without their consent, including text messages to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by FBC's conduct.

---

[1] Plaintiff files this amended complaint by agreement pursuant to Rule 15(a)(2).

3. The Plaintiff never consented to receive FBC's text messages, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally send text messages to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff bring this action on behalf of proposed nationwide classes of other persons who received illegal telemarketing text messages from or on behalf of Defendants.

4. A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Donde is a Broward County, Florida resident.

6. Defendant Freedom Franchise Systems, LLC is a Florida limited liability company with its principal place of business in Venice, FL.

7. Defendant Freedom Adventures, LLC is a Florida limited liability company with its principal place of business in Lake Park, FL.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants are incorporated in Florida and headquartered in this District, and because the wrongful conduct giving rise to this case was directed from and to this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).[2] The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. The TCPA also makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party". *See* 47 U.S.C. § 227(b)(1)(B).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming

---

[2] Under the TCPA text messages constitute "calls."

calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. In 2013, the FCC began requiring prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

4

The Growing Problem of Automated Telemarketing

18. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

19. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

20. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

21. *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About*

5

*Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

22. Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cell phones next year will be fraudulent. Press Release, First Orion, *Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019* (Sept. 12, 2018), https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html.

## FACTUAL ALLEGATIONS

23. Freedom Franchise Systems franchises boat clubs.

24. Freedom Adventures operates boat clubs.

25. FBC uses telemarketing to promote memberships in Freedom Boat Club boat clubs.

26. FBC's telemarketing efforts include the use of autodialers to send telemarketing text messages.

27. Recipients of these text messages, including Plaintiff, did not consent to receive them.

28. The Defendants used this equipment because it allows for thousands of automated texts to be sent at one time. Through this method, the Defendants shifts the burden of wasted time to the consumers it texts with unsolicited messages.

Texts to Mr. Donde

29. Plaintiff Donde is a "person" as defined by 47 U.S.C. § 153(39).

30. Plaintiff Donde's telephone number is assigned to a cellular telephone service.

6

31. Plaintiff Donde's telephone number was placed on the National Do Not Call Registry for more than 30 days prior to the first text message from Defendants to Plaintiff.

32. Plaintiff Donde's telephone number is not associated with a business and is for personal use.

33. On October 10, 2018 and on February 2, 2019, Mr. Donde received two text messages from FBC using short code 77453:



34. Short code 77453 is regularly used by Freedom Boat Club locations across the country to market memberships for Freedom Franchise Systems' benefit, with Freedom Franchise Systems' knowledge.

35. Plaintiff and the other text message recipients were harmed by these text messages. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing texts and their privacy was improperly invaded. Moreover, these text messages injured Plaintiff and the other text message recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and other class members.

7

## CLASS ALLEGATIONS

36. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Autodialed Class:** All persons in the United States who from four years prior to the filing of this action: (1) FBC (or an agent acting on behalf of FBC) text messaged, (2) using the same dialing equipment used to text message Plaintiff, (3) for substantially the same reason FBC text messaged Plaintiff, and (4) for whom FBC claims (a) it obtained prior express written consent in the same manner as FBC claims it obtained prior express written consent to text message Plaintiff, or (b) FBC does not claim to have obtained prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action: (1) FBC (or an agent acting on behalf of FBC) text messaged more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the national Do Not Call registry for at least thirty days, (4) for substantially the same reason FBC text messaged Plaintiff, and (5) for whom FBC claims (a) it obtained prior express written consent in the same manner as FBC claims it obtained prior express written consent to text message the Plaintiff, or (b) FBC does not claim to have obtained prior express written consent.

The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) FBC, its subsidiaries, parents, successors, predecessors, and any entity in which FBC or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against FBC have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

37. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether FBC utilized an automatic telephone dialing system to make its text messages to Plaintiff and the members of the Classes;

   (b) whether FBC systematically sent multiple text messages to Plaintiff and consumers whose phone numbers were registered with the DNC;

   (c) whether FBC sent text messages to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

   (d) whether FBC's conduct constitutes a violation of the TCPA; and

   (e) whether members of the Classes are entitled to treble damages based on the willfulness of FBC's conduct.

39. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and FBC has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

40. **Appropriateness**: This class action is also appropriate for certification because FBC has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible

standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. FBC's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on FBC's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by FBC's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from FBC's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Donde and the Autodialed Class)**

41. Plaintiff repeats and realleges paragraphs 1-40 of this Complaint and incorporates them by reference herein.

42. The foregoing acts and omissions of FBC and/or its affiliates, agents, and/or other persons or entities acting on FBC's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an autodialer to the Plaintiff's cellular telephone.

43. FBC's violations were negligent, willful, or knowing.

44. As a result of FBC's and/or its affiliates, agents, and/or other persons or entities acting on FBC's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in

damages for each and every call made.

45. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting FBC and/or its affiliates, agents, and/or other persons or entities acting on FBC's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Donde and the Do Not Call Registry Class)**

46. Plaintiff repeats and realleges the paragraphs 1-40 of this Complaint and incorporates them by reference herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[3]

49. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

50.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

51.     FBC violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, phone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective phone numbers on the DNC, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52.     FBC has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of FBC's conduct, Plaintiff and the other members of the Do Not Call Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Donde, individually and on behalf of the Classes, prays for the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.     A declaration that FBC and/or its affiliates, agents, and/or other related

entities' actions complained of herein violate the TCPA;

E. An order enjoining FBC and/or its affiliates, agents, and/or other persons or entities acting on FBC's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number and other calls to consumers whose telephone numbers are registered on the Registry in the future.

F. An award to Plaintiff and the Classes of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff Donde requests a jury trial.

Respectfully Submitted,

**AARON DONDE**, individually and on behalf of those similarly situated individuals

Dated: April 29, 2019

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative classes*