UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AARON DONDE,
individually and on behalf of all
others similarly situated,

    Plaintiff,

vs.

FREEDOM FRANCHISE SYSTEMS, LLC,
a Florida company, and FREEDOM
ADVENTURES, LLC, a Florida company,

    Defendants.
_____/

Case No. 0:19-cv-60785-DPG

CLASS ACTION

## FREEDOM FRANCHISE SYSTEMS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant, Freedom Franchise Systems, LLC ("Freedom Franchise"), by and through undersigned counsel, hereby submit the following Answer and Affirmative Defenses (the "Answer") to Plaintiff's Class Action Complaint (the "Complaint").

### NATURE OF THE ACTION

1. Freedom Franchise admits that Plaintiff purports to bring the Complaint for alleged violations of the Telephone Consumer Protection Act (the "TCPA"), but denies all other allegations in Paragraph 1 of the Complaint.

2. Freedom Franchise admits that Plaintiff purports to bring the Complaint as a putative class action for alleged violations of the TCPA, and that Plaintiff purports to seek injunctive and monetary relief, but denies all other allegations in Paragraph 2 of the Complaint.

3. Freedom Franchise admits that Plaintiff purports to bring this Complaint on behalf of a putative class, but denies all other allegations in Paragraph 3 of the Complaint.

Case No. 0:19-cv-60785-DPG

4. Freedom Franchise denies the allegations in Paragraph 4 of the Complaint.

## PARTIES

5. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 5 of the Complaint.

6. Freedom Franchise admits that Freedom Franchise is a Florida limited liability company with offices in Venice, FL.

7. Freedom Franchise admits that Freedom Adventures, LLC is a Florida limited liability company with offices in Lake Park, FL.

## JURISDICTION AND VENUE

8. Freedom Franchise admits that this Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331 and that Plaintiff purports to bring the Complaint as an action under the TCPA.

9. Freedom Franchise admits that the Court has personal jurisdiction over Freedom Franchise, that venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), and that Freedom Franchise and Freedom Adventures, LLC are incorporated in Florida, but denies all other allegations in Paragraph 9 of the Complaint.

## THE TCPA

10. Freedom Franchise states that the allegations in Paragraph 10 of the Complaint are legal conclusions and that the TCPA and the referenced publication in Paragraph 10 of the Complaint speak for themselves and are the best evidence as to its terms and content. Thus, no response is required. To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 10 of the Complaint.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

11. Freedom Franchise states that the allegations in Paragraph 11 and footnote 2 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 11 and footnote 2 of the Complaint.

12. Freedom Franchise states that the allegations in Paragraph 12 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its terms and content.  Thus, no response is required.  To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 12 of the Complaint.

13. Freedom Franchise states that the allegations in Paragraph 13 of the Complaint are legal conclusions and that the TCPA and the referenced findings speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required. To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 13 of the Complaint.

14. Freedom Franchise states that the allegations in Paragraph 14 of the Complaint are legal conclusions and that the TCPA and referenced case speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 14 of the Complaint.

15. Freedom Franchise states that the allegations in Paragraph 15 of the Complaint are legal conclusions and that the TCPA and referenced findings speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required.  To

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 15 of the Complaint.

16. Freedom Franchise states that the allegations in Paragraph 16 of the Complaint are legal conclusions and that the referenced regulation speaks for itself and is the best evidence as to its respective terms or content, or legal effect. Thus, no response is required. To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 16 of the Complaint.

17. Freedom Franchise states that the allegations in Paragraph 17 of the Complaint are legal conclusions and that the TCPA and referenced regulation speak for themselves and are the best evidence as to their respective terms, content, or legal effect. Thus, no response is required. To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 17 of the Complaint.

18. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 18 of the Complaint.

19. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 19 of the Complaint.

20. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 20 of the Complaint.

21. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 21 of the Complaint.

22. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 22 of the Complaint.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

## FACTUAL ALLEGATIONS

23. Freedom Franchise admits that Freedom Franchise franchises boat clubs.

24. Freedom Franchise admits that Freedom Adventures, LLC operates boat clubs.

25. Freedom Franchise denies the allegations in Paragraph 25 of the Complaint.

26. Freedom Franchise denies the allegations in Paragraph 26 of the Complaint.

27. Freedom Franchise denies the allegations in Paragraph 27 of the Complaint.

28. Freedom Franchise denies the allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 are legal conclusions and thus, no response is required. To the extent a response is required, Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 29 of the Complaint.

30. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 30 of the Complaint.

31. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 31 of the Complaint.

32. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 32 of the Complaint.

33. Freedom Franchise is without knowledge of and therefore denies the allegations in Paragraph 33 of the Complaint.

34. Freedom Franchise denies the allegations in Paragraph 34 of the Complaint.

35. Freedom Franchise denies the allegations in Paragraph 35 of the Complaint.

Case No. 0:19-cv-60785-DPG

**CLASS ALLEGATIONS PROPOSED CLASS**

36.     Freedom Franchise admits that Plaintiff purports to bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and admits that Plaintiff seeks to exclude the individuals listed in Paragraph 36 of the Complaint from the putative classes. The remaining allegations in Paragraph 36 of the Complaint concern the putative classes Plaintiff purports to represent, to which no response is required. To the extent a response is required, Freedom Franchise denies that Plaintiff's putative classes are appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23, denies that this purported class action has any merit, and further denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Freedom Franchise denies the allegations in Paragraph 37 of the Complaint.

38.     Freedom Franchise denies the allegations in Paragraph 38, including subsections (a)-(e), of the Complaint.

39.     Freedom Franchise denies the allegations in Paragraph 39 of the Complaint.

40.     Freedom Franchise denies the allegations in Paragraph 40 of the Complaint.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Autodialed Class)**

41.     Freedom Franchise incorporates in its responses to this Count I its responses set forth in Paragraphs 1-40 above as if fully set forth herein.

42.     Freedom Franchise denies the allegations in Paragraph 43 of the Complaint.

43.     Freedom Franchise denies the allegations in Paragraph 43 of the Complaint.

44.     Freedom Franchise denies the allegations in Paragraph 44 of the Complaint.

45.     Freedom Franchise denies the allegations in Paragraph 45 of the Complaint.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

**COUNT II**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

46. Freedom Franchise incorporates in its responses to this Count II its responses set forth in Paragraphs 1-40 above as if fully set forth herein

47. Freedom Franchise states that the allegations in Paragraph 47 of the Complaint are legal conclusions and that the TCPA and referenced regulation speak for themselves and are the best evidence as to their respective terms, content, or legal effect.  Thus, no response is required. To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 47 of the Complaint.

48. Freedom Franchise states that the allegations in Paragraph 48 and footnote 3 of the Complaint are legal conclusions and that the referenced regulation speaks for itself and is the best evidence as to its respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 48 and footnote 3 of the Complaint.

49. Freedom Franchise states that the allegations in Paragraph 49 of the Complaint are legal conclusions and that the referenced regulation speaks for itself and is the best evidence as to its respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 49 of the Complaint.

50. Freedom Franchise states that the allegations in Paragraph 50 of the Complaint are legal conclusions and that the TCPA speaks for itself and is the best evidence as to its respective terms, content, or legal effect.  Thus, no response is required.  To the extent that a response is required, Freedom Franchise denies the allegations in Paragraph 50 of the Complaint.

51.     Freedom Franchise denies the allegations in Paragraph 51 of the Complaint.

52.     Freedom Franchise denies the allegations in Paragraph 52 of the Complaint.

## PRAYER FOR RELIEF

Freedom Franchise denies that it is liable to Plaintiff or the members of the alleged putative classes for any damages or relief of any kind, including the damages or relief requested in subsections A.-H. of the WHEREFORE clause on pages 12-13 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Freedom Franchise pleads its Affirmative and Other Defenses, without assuming the burden of proof, and without prejudice to its Answer, as follows:

## FIRST DEFENSE

The claims of Plaintiff are barred on the basis that the Plaintiff lacks standing to pursue claims against Freedom Franchise because Plaintiff has not incurred any loss or injury in fact.

## SECOND DEFENSE

The claims of Plaintiff are barred, in whole or in part, by consent, express or implied, granted or authorized to be granted by Plaintiff.

## THIRD DEFENSE

The claims of Plaintiff are barred because Plaintiff has failed to mitigate any of his damages.

8

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687

www.sfslaw.com

Case No. 0:19-cv-60785-DPG

## FOURTH DEFENSE

The claims of Plaintiff are barred because Plaintiff was not charged for the text messages referred to in Paragraph 33 of the Complaint.

## FIFTH DEFENSE

The claims of Plaintiff are barred by the doctrines of acquiescence, waiver, laches, estoppel, and/or unclean hands.

## SIXTH DEFENSE

Any award of statutory damages against Freedom Franchise would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## SEVENTH DEFENSE

The claims of Plaintiff are barred because Freedom Franchise has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and is not liable for any messages allegedly sent by a third party.

## RESERVATION

Freedom Franchise hereby reserves its right to assert any other affirmative defenses that discovery or any changes in legal precedent or administrative guidance reveals to be applicable so as to avoid waiver of the same.

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

Case No. 0:19-cv-60785-DPG

# FREEDOM FRANCHISE'S PRAYER FOR RELIEF

WHEREFORE, Freedom Franchise prays for judgment as follows:

a) That Plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

b) That the Court enter judgment that Freedom Franchise is the prevailing party in this action;

c) That the Court award Freedom Franchise all costs, expenses and attorneys' fees that it is entitled to under federal and Florida law; and

d) That the Court award any and all other relief to which Freedom Franchise may be entitled.

Dated: May 28, 2019.                    Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
One SE Third Avenue, Suite 1820
Tel.: (305) 371-9686
Fax: (305) 371-8697

By:  */s/ Ian Ross*
Ian Ross, Esq.
Florida Bar No. 0091214
iross@sfslaw.com
Adam Foslid, Esq.
Florida Bar No. 0682284
afoslid@sfslaw.com

*Counsel for Freedom Franchise Systems, LLC*

10

Stumphauzer Foslid Sloman Ross & Kolaya, PLLC | One SE 3rd Avenue, Suite 1820 | Miami, FL 33131 | T: (305) 371-9686 | F: (305) 371-9687
www.sfslaw.com

Case No. 0:19-cv-60785-DPG

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                */s/ Ian Ross*
                                                Ian M. Ross, Esq.

## SERVICE LIST

Avi R. Kaufman, Esq.
Rachel E. Kaufman, Esq.
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127manpa.com
(305) 469-5881
kaufman@kaufmanpa.com
rachel@kaufmanpa.com

*Counsel for Plaintiff Aaron Donde*