UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60785-CIV-SMITH

AARON DONDE, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

FREEDOM FRANCHISE SYSTEMS, LLC, and
FREEDOM ADVENTURES, LLC,

    Defendants.

_____/

## ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [DE 32]. Plaintiff filed an Amended Class Action Complaint [DE 8] on April 29, 2019, alleging that Defendants Freedom Franchise Systems, LLC, and Freedom Adventures, LLC, violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending unsolicited, autodialed text messages to consumers without their consent. Plaintiff allegedly received two text messages from Defendants on October 10, 2018 and on February 2, 2019, marketing boat club memberships for Freedom Franchise Systems' benefit. Am. Compl. ¶¶ 33-34. Plaintiff now moves for entry of an order granting preliminary approval of a class action settlement, certifying a settlement class, and providing for issuance of notice to the settlement class. For the reasons explained below, the Motion is denied without prejudice.

**I.      LEGAL STANDARD**

The Motion requests certification of a settlement class <u>and</u> preliminary approval of class settlement. As a result, Plaintiff must (1) demonstrate that the proposed class satisfies the class

certification criteria under Federal Rule of Civil Procedure 23(a) and (b); and (2) establish that the terms of the proposed settlement are fair, reasonable, and adequate and therefore warrant approval under Rule 23(e).

Regarding certification, "[a] class may be certified 'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue.'" *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1313-14 (S.D. Fla. 2005) (citation omitted). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . [b]ut other specifications of [Rule 23] . . . demand undiluted, even heightened, attention in the settlement context." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  Hence, the court must find that prerequisites for class certification under Rule 23(a) and (b) are met. *Lipuma*, 406 F. Supp. 2d at 1314.

"Under Rule 23(a), every putative class first must satisfy the prerequisites of 'numerosity, commonality, typicality, and adequacy of representation.'" *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (citing Fed. R. Civ. P. 23(a)).  "Additionally, courts have found that 23(a) contains an implicit requirement, that the proposed Class is 'adequately defined and clearly ascertainable.'" *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 684-85 (S.D. Fla. 2014) (quoting *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1303-04 (11th Cir. 2012)).  "This threshold issue of 'ascertainability,' relates to whether the putative class can be identified: '[a]n identifiable class exists if its members can be ascertained by reference to objective criteria.'" *Randolph*, 303 F.R.D. at 684 (quoting *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014)).

Regarding Rule 23(b), Plaintiff seeks class certification under subsections (2) and (3). Rule 23(b)(2) permits class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) permits class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Turning now to the standard governing preliminary approval of class settlements, a court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Among other factors, in making a fairness determination courts consider: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 632 (11th Cir. 2015) (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).

## II. DISCUSSION

### A. Preliminary Certification of Settlement Class

Plaintiff seeks provisional certification of the following settlement class:

All individuals within the United States (i) who received a text message (ii) on his or her cellular telephone number (iii) from short code 77453 or otherwise sent from or on behalf of Freedom Franchise, Freedom Adventures, Freedom Boat Club, LLC, or any affiliate or franchise of the foregoing entities (iv) from March 26, 2015 through the date of certification.

Mot. at 4. "Excluded from the settlement class are: (i) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of the Released Parties; (3) Plaintiff's counsel and their employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Class." *Id.* As discussed below, Plaintiff fails to show that the proposed class meets all requirements of Rule 23.

i. **Numerosity and Ascertainability**

To succeed on a motion for class certification, a plaintiff must show that the proposed class is so numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). Generally, courts find less than twenty-one individuals inadequate for a finding of numerosity, more than forty adequate, and numbers falling in between are open to judgment based on other factors. *Vega*, 564 F.3d at 1267 (citation omitted). While "a plaintiff need not show the precise number of members in the class," she "still bears the burden of making some showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Id.*

Plaintiff makes no evidentiary showing of the size of the settlement class. In a conclusory manner, Plaintiff merely states in the Motion that numerosity is met "because the Settlement Class consists of approximately 90,331 persons, and joinder of all such persons is impracticable." Mot. at 16. The allegations in the Amended Complaint are even more speculative. *See* Am. Compl. ¶ 37 ("On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable."). Plaintiff provides no evidence of how he arrives at the 90,331 number. Because the record is devoid of any evidence supporting class size,

the Court cannot make a finding of numerosity; to do so would be impermissible speculation. *See Vega*, 564 F.3d at 1267-68 ("[T]he district court's inference of numerosity for a Florida-only class without the aid of a shred of Florida-only evidence was an exercise in sheer speculation" and an abuse of its discretion).

Plaintiff's failure to provide any evidence of how class members will be identified also prevents the Court from being able to assess whether the class is ascertainable. Objective criteria by which this Court can determine if an identifiable class exists and assess administrative feasibility are simply missing from the record. The Court also has concerns that the class as currently defined presents ascertainability problems. The Amended Complaint alleges that Plaintiff received two text messages from Defendants using short code 77453; "Short code 77453 is regularly used by Freedom Boat Club locations across the country to market memberships for Freedom Franchise Systems' benefit, with Freedom Franchise Systems' knowledge." Am. Compl. ¶¶ 33-34. The proposed class, however, consists not only of persons who, like Plaintiff, received a text from short code 77453 but covers text messages "otherwise sent from or on behalf of Freedom Franchise, Freedom Adventures, Freedom Boat Club, LLC, or any affiliate or franchise of the foregoing entities." Mot. at 4. Yet, there is no evidence that unsolicited communications were sent from other numbers. There is also no explanation of what identifying information class members can use to determine whether a message they received — other than from short code 77453 — was from or on behalf of the Defendants. The Court could assume based on the proposed class definition that each text message sent by or on behalf of Defendants refers to the Freedom Boat Club or specifically identifies Defendants. But it is inappropriate for the Court to make that assumption; the burden is on Plaintiff to establish all the Rule 23 elements, including ascertainability.

5

Hence, neither numerosity nor ascertainability has been shown, and the Court cannot certify a class.

### ii. Commonality

To establish commonality, a plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quotation marks and citation omitted). "What matters to class certification . . . is not the raising of common questions — even in droves — but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* (quotation marks and citation omitted). While Plaintiff fails to develop an argument in favor of commonality in the Motion, the Court concludes that the requirement is met based on allegations in the Amended Complaint. There are common questions of fact among class members regarding Defendants' alleged practice of sending text messages to consumers without consent, and common legal questions such as whether Defendants' conduct violated the TCPA. The commonality requirement is met.

### iii. Typicality

"'[T]he commonality and typicality requirements of Rule 23(a) tend to merge.'" *Dukes*, 564 U.S. at 350 n.5 (citation omitted). "[T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Vega*, 564 F.3d at 1275 (citation omitted). "Although typicality and commonality may be related, we have distinguished the two concepts by noting that, traditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Id.* (quotation marks and citation omitted). Based on

allegations in the Amended Complaint, the Court concludes that the Plaintiff's and class members' claims share the same legal theory, arise from the same conduct, and warrant the same relief. Hence, the typicality requirement is met.

### iv. **Adequacy**

Before certifying a class, courts must be satisfied that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "'Adequacy of representation' means that the class representative has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). Thus, the adequacy of representation analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted).

Based on the record, the Court finds that there are no fundamental conflicts between Plaintiff and class members; their interests are coextensive. On the other hand, the Court has no evidence to conclude that Plaintiff's counsel will be an adequate class counsel. There is no evidence that Plaintiff's counsel is experienced in complex actions, particularly TCPA or consumer class actions. There is also no evidence that Plaintiff and his firm have the resources to properly manage this case as a class suit. Moreover, given the number of deficiencies in the Motion, the Court has concerns about Plaintiff's counsel's diligence and ability to litigate this putative class case. The Court will deny the Motion and give Plaintiff's counsel an opportunity to demonstrate that Rule 23(a)(4)'s adequacy requirement is met.

### v. Rule 23(b)

While the Amended Complaint alleges that certification is appropriate under Rule 23(b)(2) and (3), the Motion apparently proceeds solely on subsection (b)(3). To show that subsection (b)(3)'s predominance and superiority requirements are met, the Motion states that "liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to each Settlement Class member" and that "resolution of thousands of claims in one action is far superior to individual lawsuits, because it promotes consistency and efficiency of adjudication." Mot. at 18. The Motion merely parrots the standard for predominance and superiority. On amendment, Plaintiff shall discuss specific facts and factors establishing Rule 23(b)(3)'s requirements.

In the end, Plaintiff has failed to demonstrate that criteria for class certification under Rule 23(a) and (b) are met. Consequently, the Court must deny Plaintiff's request to certify a settlement class.

### B. Preliminary Approval of the Settlement Agreement

As stated earlier, the Court will approve a class action settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In assessing the factors for preliminary approval under *Bennett*, 737 F.2d at 986, courts also "evaluate the likelihood that the Court would approve the settlement during its second review stage, the full fairness hearing." *Narvaez v. Law Offices of Antonio Duarte, III, P.A.*, No. 8:14-CV-1646-T-33MAP, 2015 WL 1353219, at *5 (M.D. Fla. Mar. 25, 2015) (citation omitted). "In so doing, the Court will examine the submitted materials and determine whether the proposed settlement appears fair on its face." *Id.* (quotation marks and citation omitted). Given the Rule 23(a) and (b) deficiencies discussed above, the Court cannot find that the settlement falls in the range of possible approval. *See Diakos v. HSS Sys.*, *LLC*, 137

F. Supp. 3d 1300, 1311 (S.D. Fla. 2015) (courts generally grant preliminary approval where the settlement "is the result of serious, arms'-length negotiations between the parties, has no obvious deficiencies, falls within the range of possible approval and does not grant preferential treatment to plaintiff or other segments of the class").

In addition to the shortfalls discussed earlier, the Court finds other issues with the settlement. First, the Court is unable to assess the fairness and adequacy of the settlement because it does not have enough information concerning the amount each class member will receive. Under the Settlement Agreement, Defendants agree to pay up to $948,475.50 to the settlement fund. The Settlement Agreement provides that each settlement class member who timely submits a valid claim "shall be sent a Claim Settlement Check by the Administrator in an amount not to exceed Ten Dollars and Fifty Cents ($10.50), less each Settlement Class Member's share of any Notice and Administration Costs, Service Award, and Attorney's Fees and Expenses." DE 32-1 at 12. Plaintiff's counsel intends to seek up to 25% of the settlement fund in attorney's fees and requests a Service Award of $5000 for Plaintiff. Plaintiff failed to provide an estimate of administration costs or of Plaintiff's expenses.

After all these deductions from the $10.50, the Court is unable to determine how much, if any, will be left for class members, who are otherwise entitled to some monetary recovery under the TCPA. *See* 47 U.S.C. § 227(b)(3) (plaintiff may recover $500 in damages for each TCPA violation and treble damages if defendant's violation is willful or knowing). The ultimate award to class members is particularly important since Plaintiff has bargained for a complete release of claims against Defendants arising from or relating to the TCPA violations at issue in the Amended Complaint.

Second, the Settlement Agreement provides that "[t]he Court shall retain exclusive and continuing jurisdiction over this Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations." DE 32-1 at 25, Pt. IV.E. "This provision is essentially an injunction precluding individuals who the parties contend are members of the settlement class who did not properly opt-out from initiating or continuing litigation in other courts." *Haight v. Bluestem Brands, Inc.*, No. 613CV1400ORL28KRS, 2015 WL 12830482, at *11 (M.D. Fla. May 14, 2015), *report and recommendation adopted*, No. 613CV1400ORL28KRS, 2015 WL 12835994 (M.D. Fla. June 1, 2015). Yet, Plaintiff "has not provided evidence of what pending cases, if any, would be enjoined if the Court finally approved this part of the [] Settlement Agreement." *Id.*

Third, under the Settlement Agreement, anyone opting out of the settlement is required to provide certain personal information, including a current telephone number (*in addition to* the number to which the text messages at issue were sent). The Court has concerns about requiring opt-outs to provide their telephone number, especially since this suit involves Defendants' alleged marketing practice of sending texts to consumers without consent. In the amended motion for settlement class certification, Plaintiff shall address the necessity of having the current telephone number for opt-out members. *See Haight*, 2015 WL 12830482, at *11 ("It is not clear why [defendant] needs the cellular telephone number of an individual who does not wish to participate in the class settlement. Indeed, it might be argued that by providing the cellular telephone number to the claims administrator, who in turn agrees to provide the number to [defendant], the individual opting out of the settlement class has provided 'prior express consent' to [defendant] to call that

number.") (citing *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1125 (11th Cir. 2014)).

In conclusion, there is inadequate evidence and other deficiencies that preclude this Court from concluding that the Settlement Agreement is fair, adequate, and reasonable. Therefore, like the request for certification of a settlement class, Plaintiff's request for preliminary approval of the settlement must be denied. Accordingly, it is

**ORDERED** that:

1) Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [DE 32] is **DENIED WITHOUT PREJUDICE**.

2) Plaintiff shall file an Amended Motion for Preliminary Approval of Class Action Settlement no later than **June 4, 2020**. The Amended Motion must correct the deficiencies identified above, as well as any other deficiencies under the certification and approval standards discussed in this Order. If between the date of this Order and June 1, 2020 Plaintiff determines he no longer seeks the relief requested in the Motion, and does not intend to file an Amended Motion, Plaintiff must notify the Court within one (1) day of reaching that decision.

3) **A hearing on the Amended Motion for Preliminary Approval of Class Action Settlement will be held on June 15, 2020**.

4) The parties' Joint Motion for Case Management Conference [DE 34] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of May 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE