**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-60785-CIV-SMITH**

AARON DONDE, individually and on behalf
of all others similarly situated,

    Plaintiff,
v.

FREEDOM FRANCHISE SYSTEMS, LLC, and
FREEDOM ADVENTURES, LLC,

    Defendants.

_____/

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
CERTIFYING SETTLEMENT CLASS, AND SETTING FINAL APPROVAL HEARING**

This matter is before the Court on filed Plaintiff's Renewed, Unopposed Motion for Preliminary Approval of Class Settlement ("Motion") [DE 36]. Plaintiff Aaron Donde, on behalf of himself and classes of similarly situated persons, ("Plaintiff") and Defendants Freedom Franchise Systems, LLC ("Freedom Franchise") and Freedom Adventures, LLC ("Freedom Adventures"; together with Freedom Franchise, "Defendants"), have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement ("Settlement Agreement" or "Agreement"). The Parties reached the Settlement through arm's-length negotiations over more than a month. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.[1] The Settlement has been filed with the Court.

---

[1] Unless indicated otherwise, capitalized terms in this Order shall have the definitions and meanings accorded to them in the Settlement Agreement.

Upon considering the Motion, the Settlement and its exhibits, the record in this matter, counsel's argument, and requirements of the law, the Court finds: (1) the Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; and (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff. The Court also finds that it has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1332, and venue is proper in this District.  Accordingly, the Motion is **GRANTED,** and it is **ORDERED** as follows:

## Provisional Class Certification and
## <u>Appointment of Class Representative and Class Counsel</u>

"A class may be certified 'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue.'" *Lipuma v. Am. Express* Co., 406 F. Supp. 2d 1298, 1313-14 (S.D. Fla. 2005) (citation omitted). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . [b]ut other specifications of [Rule 23] . . . demand undiluted, even heightened, attention in the settlement context." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Hence, the court must find that prerequisites for class certification under Rule 23(a) and (b) are met. *Lipuma*, 406 F. Supp. 2d at 1314. The Court finds that they are.

*Numerosity*. Plaintiff has submitted evidence showing that the proposed Settlement Class is ascertainable and indicating that there are approximately 90,331 members of the Settlement Class. Hence, the Settlement Class is numerous that joinder of all members is impracticable.

*Commonality*. To establish commonality, a plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quotation marks and citation omitted). "What matters to class certification . . . is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* (quotation marks and citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendants' class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the

Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

*Typicality*.  "'[T]he commonality and typicality requirements of Rule 23(a) tend to merge.'"  *Dukes*, 564 U.S. at 350 n.5 (citation omitted).  "[T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009).  "Although typicality and commonality may be related, we have distinguished the two concepts by noting that, traditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class."  *Id.* (quotation marks and citation omitted).  The Court concludes that Plaintiff and class members' claims share the same legal theory, arise from the same conduct, and warrant the same relief.  The Court finds that the typicality requirement is met.

*Adequacy*.  Before certifying a class, courts must be satisfied that the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  "'Adequacy of representation' means that the class representative has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel."  *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001).  Thus, the adequacy of representation analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action."  *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted).  Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class.  Class Counsel regularly engage in consumer

4

class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action.

*Predominance and Superiority*: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for Settlement Class members in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. Regarding predominance, common issues of fact and law predominate if they "ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Vega*, 564 F.3d at 1270. Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged Defendants' practices as well as the same legal theories.

In sum, the requirements of Rule 23(a) and (b) are met. Therefore, the Court provisionally certifies the following Settlement Class.

> All individuals within the United States (i) who received a text message (ii) on his or her cellular telephone number (iii) from short code 77453 or otherwise sent from or on behalf of Freedom Franchise, Freedom Adventures, Freedom Boat Club, LLC, or any affiliate or franchise of the foregoing entities (iv) from March 26, 2015 through the date of certification. Excluded from the Settlement Class are: (i) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of the Released Parties; (3) Plaintiff's counsel and their employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Class.

The Court appoints Plaintiff, Aaron Donde, as Class Representative and appoints Avi R. Kaufman of Kaufman P.A. as Class Counsel.

The Court recognizes that Defendants reserve their defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final. Defendants also reserve their defenses to the merits of the claims asserted in the event the Settlement does not become Final.

### **Preliminary Approval of the Settlement**

A court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Among other factors, in making a fairness determination courts consider: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 632 (11th Cir. 2015) (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) (citation omitted). "Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness." *Id.*

This Court finds that the Settlement is fair, reasonable, and adequate and preliminary approval is warranted. The Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is

6

within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### Approval of Class Notice and the Claims Process

The Court approves the Claim Form [DE 39-1], the revised long form notice [DE 39-2], and the short form notice [DE 36-1, Exs. 2 & 4] substantially in the form filed with the Court. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

Angeion Group shall serve as the Administrator. The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms filed with the Court and approved by this Order. Notice shall be provided to members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Order. The Class Notice program shall include, to the extent necessary, Email Notice, Mail Notice, and Long-Form Notice:

    a. The Administrator shall administer Mail Notice as set forth in the Settlement. Mail Notice shall be completed no later than **July 26, 2020**;

b.  The Administrator shall administer Email Notice as set forth in the Settlement. Email Notice shall be completed no later than **July 26, 2020**; and

c.  The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement.  The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program.  The Settlement Website shall include an online portal to file Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for the Defendants agree to include.  These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

### Final Approval Hearing, Opt-Outs, and Objections

A Final Approval Hearing shall be held before the **Honorable Rodney Smith** at **299 East Broward Boulevard, Fort Lauderdale, Florida, 33301** on **November 3, 2020** at **9:30 a.m.** to determine whether to grant Final Approval of the Settlement and enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.  Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application, and request for a Service Award for Plaintiff no later than **September 18, 2020**.

Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by those listed in the Long-Form Notice

on or before the last day of the Opt-Out Period, which is **October 2, 2020** ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Counsel for the Defendants, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than **October 2, 2020**. To be valid, an objection must include the following information:

    a. the name of the Action;

    b. the objector's full name, address, and telephone number;

    c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

    e. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

    f. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

    g. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

    h. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

    i. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

   j. the objector's signature (an attorney's signature is not sufficient).

Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request for a Service Award for Plaintiff no later than **October 19, 2020**.

Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Deadline for Completion of Mailed Notice Program | **July 26, 2020** |
| Deadline for the Email Notice Program | **July 26, 2020** |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | **September 18, 2020** |
| Deadline for opting-out of Settlement and submission of objections | **October 2, 2020** |
| The last day that Settlement Class members may submit a Claim Form to the Settlement Administrator. | **October 5, 2020** |
| Responses to Objections | **October 19, 2020** |
| Defendants shall file a notice of compliance with 28 U.S.C. § 1715(b) | **October 20, 2020** |
| The Final Approval Hearing | **November 3, 2020** |

All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly,

representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 25th day of June 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All parties of record