# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-60785-CIV-RS

AARON DONDE, individually and on behalf
of all others similarly situated,

Plaintiff,                                                    **CLASS ACTION**

v.

FREEDOM FRANCHISES SYSTEMS, LLC,
a Florida company, and FREEDOM
ADVENTURES, LLC, a Florida company,

Defendant.

_____/

## ORDER GRANTING FINAL APPROVAL TO
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On June 25, 2020, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release and Amendment No. 1 thereto (the "Settlement Agreement") between Plaintiff Aaron Donde ("Plaintiff"), on behalf of himself and all members of the Settlement Class, and Defendants Freedom Franchise Systems, LLC ("Freedom Franchise") and Freedom Adventures, LLC ("Freedom Adventures;" together with Freedom Franchise, "Defendants") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes and approved the procedure for giving Class Notice to the members of the Settlement Class.

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

On November 3, 2020, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's Complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**I.   JURISDICTION OF THE COURT**

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, the Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.   CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies the following Settlement Class as identified in the Settlement Agreement: All individuals within the United States (i) who received a text message (ii) on his or her cellular telephone or device (iii) from short code 77453 or otherwise sent from or on behalf of Freedom Franchise, Freedom Adventures, Freedom Boat Club, LLC, or any affiliate or franchise of the foregoing entities (iv) from March 26, 2015 through the date of certification.  Excluded from the Settlement Class are: (1) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third-degree of relationship to any of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of the Released Parties; (3) Plaintiff's counsel and their

employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with section III(D) of the Settlement Agreement.[2]

### III.  APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

5.  The Court finally appoints Avi R. Kaufman of Kaufman P.A. as Class Counsel for the Settlement Class.

6.  The Court finally designates Plaintiff Aaron Donde as Class Representative.

### IV.  NOTICE AND CLAIMS PROCESS

7.  The Court makes the following findings on notice to the Settlement Class:

    a.  The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the Rules of this Court, and any other applicable law.

    b.  The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, of the relief available to Settlement Class Members pursuant to the Final Approval Order, and of applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all

---

[2] Attached as Exhibit A is a list of all valid opt outs from the Settlement Class.

Settlement Class Members; and (iii) comply fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8. The Settlement Agreement is finally approved in all respects as fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI. ADMINISTRATION OF THE SETTLEMENT

9. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10. The Court hereby approves Class Counsel's request for attorneys' fees, costs, and expenses, and awards Class Counsel $237,118.87 as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action, which does not exceed the maximum of 25% of the Settlement Fund, in the manner specified in the Settlement Agreement. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make significant funds available to Settlement Class

Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and no Settlement Class Member(s) objected.

12. In addition, the Court has applied the factors articulated in *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The Court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

    a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the Settlement Class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

  b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, and contested issues about whether the text messages sent from or on behalf of the Defendants constituted an unsolicited text under the Telephone Consumer Protection Act ("TCPA"), in a setting of developing case law and Federal Communications Commission rulings and recovery being dependent on a successful outcome, which was uncertain.

  c. *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for the Settlement Class Members. Here, the Settlement will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g., Goldschmidt v. Rack Room Shoes*, No. 18-21220-CIV, (S.D. Fla. Jan. 16, 2020) (approving settlement of TCPA claims providing for $5 per class member, less attorneys' fees, costs, administration costs, and service award, and a $10 voucher); *Halperin v. You Fit Health Clubs, LLC*, No. 18-61722-CIV, (S.D. Fla. Nov. 1, 2019) (approving settlement of TCPA claims providing for $9 per class member, less attorneys' fees, costs, administration costs, and service award).

  d. *The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

Many similar TCPA class settlements provide up to one third of the fund for attorneys' fees (?). *See Guarisma v. ADCAHB Med. Coverages, Inc.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of up to one-third are consistent with the trend in this Circuit. *See Legg v. Lab'y Corp. of Am.*, No. 14-61543-CIV,

7

(S.D. Fla. Feb. 18, 2016) (FACTA case awarding one-third of gross recovery for attorneys' fees, plus expenses); *Wolff v. Cash 4 Titles*, No. 03-22778- CIV, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third.") (citing circuit case law and listing Southern and Middle District of Florida attorneys' fees awards). Here, Class Counsel is awarded an amount that does not exceed the maximum of 25% of the Settlement Fund as provided in the Settlement Agreement, which is less than in these other cases. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engages in complex litigation involving consumer issues and has been class counsel in numerous consumer class action cases.

    e.  *This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard-fought litigation against sophisticated and well-financed defendants represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

**VII. RELEASE OF CLAIMS**

  13. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally, and forever released, relinquished and discharged the Released Parties from the Released Claims as set forth in the Settlement Agreement.

  14. Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred

and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

15. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16. The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

    a. The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

    b. The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to,

enforcement of the Releases.  The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

    c.  The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

    d.  The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.  The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

   17.  Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding against the Released Parties; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims against the Released Parties.

## VIII.   NO ADMISSION OF LIABILITY

18.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

   a.     offered by any person or received against any Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Released Parties of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by any Released Parties;

   b.     offered by any person or received against any Released Parties as evidence of a presumption, concession, or admission of any fault or violation of any law by any Released Parties; or

   c.     offered by any person or received against any Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.   OTHER PROVISIONS

19.     This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Parties (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

21. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

22. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 29th day of December, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record